USDC SDNY
DOCUMENT
ELECTRONICAL[LY]
DOC #:
DATE [FILE]D: 6/29/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

SAMMY ELJAMAL,

                Debtor.

---

SAMMY ELJAMAL, individually and as Managing Member of NY FUEL HOLDINGS, LLC; NY FUEL DISTRIBUTORS, LLC; NY DEALER STATIONS, LLC; NY DEALER STATIONS MANAGEMENT, on behalf of himself as an investor of NY FUEL HOLDINGS, LLC; METRO NY DEALER STATIONS, LLC, and all other investors therein,

                Plaintiffs,

-against-

JAMES A. WEIL, LEON SILVERMAN, NY FUEL HOLDINGS, LLC; METRO NY DEALER STATIONS, LLC; NY DEALER STATIONS MANAGEMENT, LLC; NY FUEL DISTRIBUTORS, LLC; NY DEALER STATIONS LLC, and AMSTERDAM 181 REALTY LLC

                Defendants.

17-cv-00609 (NSR)
Chapter 11 No.:15-22872(RDD)
Adversary Proceeding: 15-8358

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

    The origins of this case rest in the Commercial Division of New York State Supreme Court, Westchester County (the "State Court Action"). In that court, Plaintiff/Debtor Sammy Eljamal ("Debtor") initiated an action against James A. Weil ("Weil"), Leon Silverman ("Silverman"), NY Fuel Holdings, LLC ("NYFH"), Metro NY Dealer Stations, LLC ("Metro"), NY Dealer Stations Management, LLC ("NYDSM"), NY Fuel Distributors, LLC ("NYFD"), and Amsterdam 181 Realty, LLC ("Amsterdam") (collectively, "Defendants" or "Appellants"). (*See* Appellants' Motion for Leave to Appeal ("App. Mot.") (ECF No. 3), Ex. D.) After filing a Voluntary Chapter

11 Petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Debtor's State Court Action was removed to federal court and referred to the Bankruptcy Court. (*See* App. Mot. ¶¶1, 10.) Debtor thereafter filed a motion for summary judgment on the issue of his ownership in NYFH, Metro, and NYDSM (collectively, the "Companies"), and on December 28, 2016, Judge Robert D. Drain of the Bankruptcy Court issued an Order on Debtor's motion, concluding, *inter alia*, that Debtor held a 50% interest in ownership of the Companies (the "December 28 Decision"). (*Id.*, Ex. G.) Presently before the Court is Appellants' Motion for Leave to Appeal this aspect of the December 28 Decision. For the following reasons, Appellants' Motion is DENIED.[1]

## BACKGROUND

In June of 2010, Weil and Silvermen, as well as others, joined Debtor in a $50 million business venture to purchase and lease "approximately ninety (90) New York fuel service stations" and to sell fuel to them. (*See* App. Mot. ¶2.) In connection with this business venture, NYFH, Metro, and NYDS entered into Operating Agreements with Debtor, that governed, *inter alia*, the distributions of net cash flow and the Debtor's ownership in the Companies. (*Id.* ¶¶3, 13-14.)

Overall, Debtor's State Court Action asserted various claims for breach of the Operating Agreements. (App. Mot. ¶5, Ex. D.) In answering these claims, Weil and Silverman asserted numerous counterclaims against Debtor, including a claim seeking declaratory judgment that, pursuant to the Operating Agreements, Debtor's interest in the Companies was 8.627%. (*Id.* ¶9, Ex. E.) In September of 2015, the case was removed to federal court and referred to the Bankruptcy

---

[1] In Appellants' Brief, the first argument contends that the December 28 Decision is a final order, and thus appealable as of right. (*See* Appellant's Brief in Support of their Motion for Leave to Appeal ("App. Br.") (ECF No. 4) at 8-10.) After filing their brief, Appellants filed a letter to this Court dated January 31, 2017, withdrawing this argument. (*See* ECF No. 6.) The Court need only address the remainder of Appellants' arguments: (1) whether this is a collateral order ripe for appeal; and (2) if not, whether this Court will exercise its discretion in allowing an interlocutory appeal.

Court as an adversary proceeding connected to Debtor's Chapter 11 Bankruptcy that was initiated in June of 2015. (*Id.* ¶¶1, 10.)

The following year, Debtor moved for summary judgment and Judge Drain issued an order which granted some aspects of Debtor's motion, but denied others, finding that trial was appropriate. (App. Mot., Ex. G.) Relevant to Appellant's Motion, Judge Drain held that since the Companies' inception, Debtor has had "a 50% ownership in NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC and NY Dealer Stations Management, LLC." (*Id.*) Judge Drain otherwise granted summary judgment in Debtor's favor on the issue of breach of contract based on Appellants' "failures to make proper distributions to [Debtor] pursuant to Section 7.1" of the Operating Agreements, but held that a material issue of fact existed as to whether the Operating Agreements were breached with respect to payments due to Debtor under Section 7.1(f). (*Id.*) Appellants now argue that they are entitled to review of that portion the December 28 Decision that held that Debtor owns a 50% interest in the Companies, on grounds that: (1) the order falls into the collateral order doctrine; and to the extent that it does not, (2) that this Court should exercise its discretion to permit the appeal.

## DISCUSSION

A district court has "appellate jurisdiction over bankruptcy court rules." *In re AroChem Corp.*, 176 F.3d 610, 618 (2d Cir. 1999). The general rule is that "a party is entitled to a single appeal, to be deferred until final judgment has been entered . . . ." *Ashmore v. CGI Grp., Inc.*, 860 F.3d 80, 88 (2d Cir. 2017) (quoting *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)); *see also In re Enron Creditors Recovery Corp.*, 410 B.R. 374, 378 (S.D.N.Y. 2008) (noting that the general rule of finality applies to appeals from bankruptcy court as well). Though "final orders of the bankruptcy court may be appealed to the district court as of right, *see* 28

U.S.C. § 158(a)(1), appeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district court, *id.* § 158(a)(3)," *In re AroChem Corp.*, 176 F.3d at 618 (internal quotations omitted), or through the collateral order doctrine, *In re Adelpia Commc'ns Corp.*, 333 B.R. 649, 657 (S.D.N.Y. 2005).

I. **Collateral Order Doctrine**

Orders that fall into the collateral order doctrine are immediately appealable. The doctrine covers "a small class of 'collateral' rulings that do not terminate the litigation in the court below but are nonetheless sufficiently 'final' and distinct from the merits to be appealable without waiting for a final judgment to be entered." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 146 (2d Cir. 2013). Such non-final orders can be reviewed "when they: [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment." *Ashmore*, 860 F.3d at 87 (quoting *Fischer v. N.Y. State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016)) (internal quotations omitted). In light of the general rule against permitting non-final appeals, the collateral order doctrine conditions are "stringent and must be kept so; otherwise, the underlying doctrine will overpower the substantial finality interests . . . ." *Id.*; *see also United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 236 (2d Cir. 2016) (noting that "[t]he class of collateral orders as to which interlocutory review is permitted . . . must remain narrow and selective in its membership"). Consequently, the "justification for immediate appeal . . . must be sufficiently strong," *Ernst v. Carrigan*, 814 F.3d 116, 119 (2d Cir. 2016) (internal quotations omitted), and all three requirements must be met to apply the doctrine, *In re Adelphia*, 333 B.R. at 658. Appellants' Motion fails as they are unable to meet the second and third prongs.

To meet the second prong, the issue must be "significantly different and conceptually distinct from the fact-related legal issues that likely underlie the plaintiff's claim on the merits."

4

*Ernst*, 814 F.3d at 119 (quoting *Johnson v. Jones*, 515 U.S. 304, 314 (1995)) (internal quotations omitted). Where a Court has to "evaluate in detail the merits of a plaintiff's claim" on the issue up for appeal, the claim cannot be said to be completely separate from the merits. *Id.* (second prong not met because court had to evaluate merits on the motion at issue). Questions appropriate for immediate appeal exist "where purely legal matters are at issue." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 148 (2d Cir. 2013) (quoting *Johnson*, 515 U.S. at 316) (internal quotations omitted). Where, as here, the issue is tied to a central claim on the merits of an adversary proceeding, it cannot be said that the claim is distinct and separate from the merits. *See In re Tronox Inc.*, 855 F.3d 84, 96 n. 17 (2d Cir. 2017) (noting that an order "at the heart of the merits of the proceedings" cannot be considered collateral); *In re IBI Sec. Serv.*, 174 B.R. 664, 669 (E.D.N.Y. 1994) (second element of doctrine not met where issue was part of the first cause of action). Here, the issue of Debtor's ownership in the Companies forms the basis of one of Appellants' counterclaims in the adversary proceeding; it cannot be considered collateral thereto. Indeed, Appellants' own argument vitiates their position insofar as it states that "[t]he extent of Eljamal's ownership in the Companies is at the heart of the bankruptcy proceeding." (*See* App. Br. at 11.)

Moreover, Courts need not linger on the issue of the sufficiency of the evidence in support of the first two elements of the doctrine where, as here, the proponent is unable meet the third prong – whether the order is effectively unreviewable on a final judgment. *Fischer*, 812 F.3d at 277 (deciding applicability of collateral order doctrine on third prong alone).

Appellant's argument that the order is effectively unreviewable because, "[i]f the bankruptcy is completed and a plan is confirmed prior to the resolution of an appeal of the Summary Judgment Order, the appeal will be moot," (App. Br. at 11), is unavailing. Appellants'

reliance on the proposition that "[w]hen a plan of reorganization has been substantially consummated, an appeal is presumed moot" is belied by the very authority proffered by Apellants in support thereof. (*Id.*) While on its face the argument seems tenable, Appellants' omit a critical element – that prior to substantial consummation of the reorganization plan, the parties' bear the burden of obtaining a stay of the bankruptcy proceeding while the attendant issues are on appeal. *See In re Enron Corp.*, 326 B.R. 497, 501 (S.D.N.Y. 2005) (noting that though party "was not required to obtain a stay of the Confirmation Order prior to appealing that order, its failure to obtain the stay exposed [the party] to the risk that 'the appeal in question [would] be rendered moot"); *In re Texaco Inc.*, 92 B.R. 38, 45 (S.D.N.Y. 1988) ("[I]t has been held that when bankruptcy appellants "'have failed and neglected diligently to pursue the available remedies to obtain a stay' of the Confirmation Order and thereby 'have permitted such a comprehensive change of circumstances to occur,' it is inequitable to hear the merits of their case."); *In re Best Products Co., Inc.*, 177 B.R. 791, 803 (S.D.N.Y. 1995) (noting that the burden is on "the non-prevailing party, to ensure that its appeal did not become moot"). Appellants proffer no other arguments in support of their claim that the December 28 Decision falls within the collateral order doctrine, and thus have failed to convince this Court to apply the doctrine.

Even if they had, the issue they seek to appeal is not effectively unreviewable. In the context of Bankruptcy cases, an order is considered final, and thus appealable as of right, where it "finally dispose[s] of *discrete disputes within the larger case*", *In re Duke & Benedict, Inc.*, 278 B.R. 334, 341 (S.D.N.Y. 2002), such as orders that resolve "an adversary proceeding within the bankruptcy action," *id.* (quoting *In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990)) (internal alternations and quotations omitted). The December 28 Decision did not dispose of the entire adversary proceeding, as it denied one of the grounds for summary judgment; however, when the

adversary proceeding is concluded, the resulting order will be a final order, appealable as of right and Appellants will have an opportunity to seek review of the declaration that Debtor is entitled to 50% ownership in the Companies. *See In re IBI Sec. Serv.*, 174 B.R. at 669 (noting that issue in bankruptcy court's partial summary judgment order could be "reviewed on appeal from a final judgment"). The collateral order doctrine is inapplicable.

## II.   Section 158(a)(3)

A district court may otherwise grant leave to appeal pursuant to 28 U.S.C. § 158(a)(3). *See In re AroChem Corp.*, 176 F.3d at 618. In assessing whether "leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b)," which cover interlocutory appeals from district courts. *In re Residential Capital, LLC*, No. 14-CV-9711(RJS), 2015 WL 5729702, at *4 (S.D.N.Y. Sept. 30, 2015). A court may grant an interlocutory appeal where: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1929(b). Interlocutory appeals, however, are "strongly disfavored in federal practice and should only be granted rarely," *In re Anderson*, 550 B.R. 228, 236 (S.D.N.Y. 2016), therefore, the proponent bears the burden of demonstrating "exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment," *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (quoting *In re Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, No. 11 MC 0012(KMW), 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011)) (internal quotations and alterations omitted). Appellants cannot meet this burden.

The issue regarding Debtor's ownership interest in the Companies is not a controlling question of law. "A question of law is 'a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Chenault v. Gen. Motors LLC*,

7

No. 16-CV-3764(RA), 2017 WL 698387, at *2 (S.D.N.Y. Feb. 21, 2017); *In re Lehman Bros. Holdings, Inc.*, 422 B.R. 403, 406 (S.D.N.Y. 2009). The proponent must also demonstrate that "reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *Picard*, 464 B.R. at 582. While the issue of Debtor's ownership interest is of central importance to the adversary proceeding, its resolution turns on a question of contract interpretation, (*see* App. Br. at 15), hardly the type of issue contemplated by the interlocutory appeal exception to the general rule favoring finality, *see Chenault*, 2017 WL 698387, at *4 (though contract's meaning is generally "considered to be a question of law for the court, a question of contract interpretation typically is *not* a 'controlling question of law' that serves as a basis for interlocutory appeal") (emphasis added); *Liberty Mut. Ins. Co. v. The Fairbanks Co.*, 208 F. Supp. 3d 545, 546-47 (S.D.N.Y. 2016); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005).

Moreover, there is no evidence that interlocutory appeal would materially advance the outcome of the adversary proceeding. Appellants' conclusory argument to the contrary is unconvincing, (*see* App. Br. at 17), particularly in light of Debtor's position that this issue is only one of eight to be resolved in the adversary proceeding. This Court declines to exercise its discretion under Section 158(a)(3). *See Liberty Mut.*, 208 F. Supp. 3d at 547 (declining to exercise discretion where no controlling question of law and no evidence that appeal would materially advance the litigation).

## CONCLUSION

In accordance with the foregoing, Appellants' Motion for leave to appeal is denied, as the December 28 Decision is an interlocutory order not immediately appealable under the collateral order doctrine and this Court otherwise declines to exercise its discretion under Section 158(a)(3)

8

to permit appeal thereof. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 3. The Clerk of the Court is further respectfully directed to terminate the appeal.

Dated: June 29, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge